UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STRECKFUS ET AL.                                CIVIL ACTION

VERSUS                                          NO: 06-7538

AMERICAN NATIONAL PROPERTY &                    SECTION: "R"(4)
CASUALTY COMPANY

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this case to state court. Defendant ANPAC Louisiana Insurance Company has not made an appearance, although it was served with plaintiffs' amended complaint on December 11, 2007. (R. Doc. 25). Because the Court finds that it no longer has subject matter jurisdiction over this matter, the Court GRANTS plaintiffs' motion to remand.

Plaintiffs sued American National Property and Casualty Company ("ANPAC") in state court, alleging that their property sustained significant flood and wind damage as a result of Hurricane Katrina and seeking damages from ANPAC for breach of plaintiffs' standard flood insurance policy ("SFIP") and

homeowner's policy. (R. Doc. 1-2).  ANPAC removed the case to this Court, invoking, among other reasons, federal question jurisdiction based on ANPAC's status as a write-your-own carrier authorized by FEMA to issue SFIPs on behalf of the federal government. (R. Doc. 1).

Plaintiffs subsequently settled their flood claim with ANPAC and both parties moved for partial dismissal of ANPAC in its capacity as WYO Insurer.  The Court granted the joint motion to dismiss on April 30, 2007. (R. Doc. 14).  Plaintiffs then moved to amend their complaint because counsel for ANPAC informed plaintiffs that their homeowner's insurer was actually an ANPAC affiliate - ANPAC Louisiana.  The Court granted plaintiffs' motion to amend and plaintiffs added ANPAC Louisiana Insurance Company, a Louisiana domiciled insurer, as a defendant. (*See* R. Doc. 22).

The federal claim over which the Court has original jurisdiction has been dismissed.  A district court has wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed. *Robertson v. The Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998); 28 U.S.C. § 1367(c)(3).  The general rule is that a district court should decline jurisdiction over state law claims when all federal claims are dismissed. *Smith v. Amedisys*

*Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002).  As the Supreme Court has stated, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court has not addressed the merits of plaintiffs' state law claim, and there thus has been no commitment of judicial resources to the state law claim that would weigh in favor of exercising supplemental jurisdiction.  The parties have submitted no pretrial order, and trial is not imminent.  Further, any discovery that has been done can be used in state court.  The Court finds that the rule counseling against the exercise of supplemental jurisdiction applies in this situation.

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand.

New Orleans, Louisiana, this 7th day of January, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE